USCA1 Opinion

 

 March 31, 1993 [NOT FOR PUBLICATION] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 92-2107 ROBERT PLOUFFE, d/b/a HOBBIES UNLIMITED, Plaintiff, Appellant, v. NEW PACE, INC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Selya, and Stahl, Circuit Judges. ______________ ____________________ Jeffrey A. Lanphear for appellant. ___________________ Peter F. Mathieu with whom Dennis S. Baluch and Baluch, Mahoney & ________________ ________________ _________________ Gianfrancesco were on brief for appellees. _____________ ____________________ ____________________ Per Curiam. In this appeal, plaintiff-appellant ___________ Robert Plouffe claims that the district court (1) improperly vacated an entry of default in order to reach the merits of his book account claim; and (2) erred when, upon reaching the merits, it declined to pierce the corporate veil in order to hold defendants-appellees Bruce and Pamela Ross personally liable on the claim. Finding no error, we affirm. I. I. __ FACTUAL BACKGROUND AND PRIOR PROCEEDINGS FACTUAL BACKGROUND AND PRIOR PROCEEDINGS ________________________________________ In 1983, Bruce and Pamela Ross formed New Pace, Inc. (hereinafter "New Pace"), a Massachusetts corporation, in order to own and operate hobby shops in Massachusetts and New Hampshire. From approximately 1983 to 1990, they purchased hobby supplies for their stores from Plouffe. By 1990, however, the stores had failed, the corporation and the Rosses were insolvent, and Plouffe was owed over $61,000. In May of 1990, Plouffe commenced a diversity action in Rhode Island Federal District Court against New Pace and against the Rosses individually for the amount of the debt. The Rosses failed to answer the complaint within twenty days as required by Fed. R. Civ. P. 12(a), and Plouffe promptly filed for an entry of default under Fed. R. Civ. P. 55. Subsequent to the entry of default, New Pace admitted liability on the full amount of the debt. The -2- 2 Rosses, however, denying personal liability, moved to vacate the entry of default against them. A Magistrate Judge granted the motion to vacate, and the case went to trial. The sole issue at the one-day bench trial was whether the Rosses should be held personally liable for New Pace's debt. The evidence at trial showed that New Pace had failed to observe several corporate formalities, including record-keeping and holding annual meetings. The corporation had, however, filed corporate income tax returns, maintained a separate corporate bank account, and made all payments to Plouffe from the corporate account. Moreover, the district court found no bad faith or misuse of the corporate form by the Rosses. Accordingly, it declined Plouffe's entreaty to disregard the corporate form and hold the Rosses personally liable on New Pace's debt. As noted above, Plouffe now argues that the district court erred in (1) vacating the entry of default; (2) refusing to hold the Rosses personally liable on the debt. We address these arguments in turn. II. II. ___ DISCUSSION DISCUSSION __________ A. The Default _______________ While there is no precise formula for determining when to set aside a default, a district court should consider "`whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious -3- 3 defense is presented.'" Leshore v. County of Worcester, 945 _______ ____________________ F.2d 471, 472 (1st Cir. 1991) (quoting Coon v. Grenier, 867 ____ _______ F.2d 73, 76 (1st Cir. 1989)) (citation omitted). Our standard of review on appeal is deferential. "A district court's action on a motion to set aside a default lies within the court's sound discretion and should be overturned only for abuse of that discretion." Id. Moreover, we are guided ___ by the "`philosophy that actions should ordinarily be resolved on their merits.'" Id. (quoting Coon, 876 F.2d at ___ ____ 76). A careful review of the record in the instant case satisfies us that the Magistrate Judge properly weighed the factors of willfulness, prejudice and the merit of the defense in vacating the entry of default. The record presents no evidence of willful default by the Rosses; Plouffe failed to articulate any prejudice;1 and, as is demonstrated more fully infra, the Rosses' defense that they _____ were not personally liable for the debts of New Pace was meritorious. Accordingly, we find no abuse of discretion in the Magistrate Judge's order vacating the entry of default.2 ____________________ 1. Both below and on appeal, Plouffe has insisted, without elaboration, that he was prejudiced by the passage of time which followed the default. We agree with the Magistrate Judge that, Plouffe's insistence aside, the record provides no evidence of prejudice due to the passage of time. 2. Plouffe also argues that he is entitled to the cost of personal service on New Pace and the Rosses because he served them once by mail, received no acknowledgement, and -4- 4 B. Piercing the Corporate Veil _______________________________ Plouffe's second ground for appeal fares no better. Relying almost exclusively on the Rosses' failure to observe corporate formalities, Plouffe argues that the district court erred in declining to pierce the corporate veil and hold the Rosses personally liable on New Pace's debt. Under Massachusetts law,3 while disregard of corporate formalities is one factor which courts consider in determining whether to disregard the corporate form, see ___ Evans v. Multicon Constr. Corp., 574 N.E.2d 395, 398-99 _____ _______________________ (Mass. App. Ct. 1991); Pepsi-Cola Metro. Bottling Co. v. _______________________________ ____________________ subsequently effected personal service as required by Fed. R. Civ. P. 4(c)(2)(C)(ii). Costs are allowed in such a situation "[u]nless good cause is shown." Fed. R. Civ. P. 4(c)(2)(D). In the instant case, the Magistrate Judge heard evidence on the Rosses' failure to acknowledge service, including their assertions that they were preoccupied trying to keep their business afloat and that they had no counsel in Rhode Island. Based on this evidence, the Magistrate Judge determined that good cause had been shown for the Rosses' failure to acknowledge service by mail. Plouffe v. New Pace, _______ _________ Inc., 1992 WL 426456, at *1 (D.R.I. July 19, 1992). ____ Reviewing this determination under an abuse of discretion standard, Coon, 867 F.2d at 76, we find nothing in the record ____ which would warrant reversing the Magistrate Judge's finding of good cause. To the extent that Plouffe seeks other costs and attorney's fees, he does so in a perfunctory manner. We have often warned that arguments made in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. Federal Deposit Ins. Co. v. World Univ., _________________________ _____________ Inc., 978 F.2d 10, 15 (1st Cir. 1992). Accordingly, we ____ reject Plouffe's additional requests for costs and attorney's fees. 3. The parties do not dispute that Massachusetts law governs the issue of whether the Rosses are to be held personally liable for New Pace's debts. -5- 5 Checkers, Inc., 754 F.2d 10, 14-16 (1st Cir. 1985) (applying ______________ Massachusetts law), it is by no means the sole determinative factor. Rather, courts examine a series of factors to "form an opinion whether the over-all structure and operation misleads." Evans, 574 N.E.2d at 400. Of paramount _____ importance is the fact that, without exception, "[t]here is present in the cases which have looked through the corporate form an element of dubious manipulation and contrivance, finagling, such that corporate identities are confused and third parties cannot be quite certain with what they are dealing." Id. ___ After hearing Bruce Ross's testimony and reviewing all of the evidence at trial, the district court specifically found no such dubious manipulation or contrivance on the part of the Rosses.4 We find nothing to suggest that this factual finding was erroneous. In addition, while the Rosses' record-keeping was clearly insufficient under Massachusetts law, we note that New Pace met its corporate obligations at least to the extent that it (1) filed corporate tax returns; (2) maintained a separate corporate bank account; and (3) paid Plouffe exclusively from this corporate account. In sum, the record ____________________ 4. In its final order, the district stated: "There is simply no doubt that the defendant, Mr. Ross, is not a conniver. He is merely unsophisticated and ignorant of corporate niceties." -6- 6 offers no evidence suggesting that the Rosses' conduct rose to a level which justifies disregarding the corporate form. Accordingly, we decline to disturb the district court's verdict in favor of the Rosses.5 III. III. ____ CONCLUSION CONCLUSION __________ For the foregoing reasons, the order of the district court is affirmed. ________ ____________________ 5. Plouffe also argues that the Rosses assumed or admitted personal liability on New Pace's debt when Bruce Ross sent a letter to his creditors, including Plouffe, promising to repay his debts. It is well established that where an individual assumes personal responsibility for a corporate debt due to a belief that s/he is morally, though not legally, inclined to do so, such an agreement is gratuitous and unenforceable due to lack of consideration. See, e.g., ___ ____ Gishen v. Dura Corp., 285 N.E.2d 117, 123 (Mass. 1972). ______ ___________ Bruce Ross's testimony at trial, as well as his letter promising to pay New Pace's debts, established that his promise to pay was exactly such a gratuitous promise. Accordingly, we agree with the district court's finding of unenforceability. In addition, Plouffe raises issues of unjust enrichment and quasi-contract. To the extent that these arguments were made to the district court, they were offered for the first time in a perfunctory manner in a post-trial memorandum. It is well settled that "arguments made in a perfunctory manner below are deemed waived on appeal." World _____ University, 978 F.2d at 16. Thus, we treat Plouffe's unjust __________ enrichment and quasi-contract arguments as waived. Moreover, even if we were to reach these arguments on their merits, our decision that Plouffe contracted with New Pace, and not with ___ the Rosses, would preclude Plouffe from recovering against the Rosses on theories of unjust enrichment and quasi- contract. Finally, to the extent that Plouffe raises other arguments on appeal (such as his insistence that the district court should have levied sanctions and entered summary judgment in his favor), they are meritless and are rejected without further comment. -7- 7